**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JERMAINE DE'LEON JOSEPH,** | ) | |
| **#1663314,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-2273-L (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied as barred by the statute of limitations.

## I.  BACKGROUND

Jermaine De'Leon Joseph (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On March 20, 2006, Petitioner pled guilty to, and was convicted of, aggravated assault in Cause No. F-00557893 in the 194th Judicial District Court of Dallas County, Texas, and was sentenced to four years of deferred adjudication probation. (*See* doc. 3 at 2;  State Habeas Clerk's Record (SHCR), doc. 9-7 at 131; *see also* www.dallascounty.org/public.access.php (Dallas County criminal records)).  After pleading true to the State's allegation that he violated the conditions of probation, Petitioner was adjudicated guilty and sentenced to ten years' imprisonment on July 21, 2010, but he did not file a direct appeal.  (*See* doc. 3 at 3.)  On March 22, 2012, Petitioner filed a

state application for writ of habeas corpus with the trial court that was ultimately denied without written order by the Texas Court of Criminal Appeals on the trial court's finding without a hearing on April 17, 2013.  (SHCR, doc. 9-5 at cover); *see Ex parte Joseph*, WR-77,861-01 (Tex. Crim. App. April 17, 2013).   On June 10, 2013, he filed a second state application for writ of habeas corpus that was ultimately dismissed under article 11.07, § 4. (SHCR, doc. 10-2 at cover); *see Ex parte Joseph*, WR-77,861-02 (Tex. Crim. App. October 16, 2013).   On January 1, 2014, Petitioner filed a third state application for writ of habeas corpus that was also ultimately dismissed under article 11.07, § 4. (SHCR, doc. 10-3 at cover); *see Ex parte Joseph*, WR-77,861-03 (Tex. Crim. App. March 19, 2014).

Petitioner's federal petition, mailed on June 16, 2014, raises the following claims: (1) the indictment was defective, which deprived the trial court of jurisdiction; (2) he was not appointed counsel during critical stages, i.e., when he was placed on probation and when his probation was revoked; (3) the adjudication of guilty violates double jeopardy; (4) the attorney who represented him for a bond in 2005 had a conflict of interest because he later became the district attorney under whom the motion to revoke probation was filed; (5) his  judicial confession was invalid; and (6) his deferred adjudication probation expired before it was revoked. (*See* doc. 3 at 6-7, 10, 12-13.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.   One of the major

changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

## A.      Calculation of One-Year Period

The one-year period is calculated from the latest of either (A) the date on which the judgment

of conviction became final; (B) the date on which an impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the applicant

was prevented from filing by such State action; (C) the date on which the Supreme Court initially

recognizes a new constitutional right and makes the right retroactively applicable to cases on

collateral review; (D) the date on which the facts supporting the claim became known or could have

become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Here, the petitioner has not alleged a state-created impediment (subparagraph (B)) that

prevented him from filing his federal petition or any new constitutional right (subparagraph (C)).

The one-year statute of limitations is therefore calculated from the latest of the date his conviction

became final (subparagraph (A)) or the date on which he knew or should have known with the

exercise of due diligence the facts supporting his claims (subparagraph (D)).

Because Petitioner did not appeal the trial court's March 20, 2006 judgment of deferred

adjudication, it became final thirty days later, on April 19, 2006.  See Tex. R. App. P. 26.2(a) (1)

(stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was

imposed or suspended in open court, or after the day the trial court enters an appealable order").[1]

Petitioner also did not appeal the trial court's July 21, 2010 judgment adjudicating guilt, and it

became final thirty days later on August 20, 2010.  See Tex. R. App. P. 26.2(a) (1).  The one-year

limitations period for claims relating to the March 20, 2006 judgment expired on April 19, 2006, and

---

[1]The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of AEDPA's statute of limitations.  See Caldwell v. Dretke, 429 F.3d 521, 528-29 (5th Cir. 2005).

on August 20, 2010 for claims relating to the July 21, 2010 judgment.

The facts supporting Petitioner's claims became known or could have become known prior to the date his judgments became final. His claims regarding the indictment, appointment of counsel during sentencing, double jeopardy, and the judicial confession all relate to the assessment of deferred adjudication probation on March 20, 2006. His remaining claims regarding appointment of counsel during revocation, conflict of interest, and the expiration of his deferred adjudication probation before the revocation relate to the adjudication of guilt on July 21, 2010. Because Petitioner filed his § 2254 petition several years after his judgments became final in 2006 and 2010, a literal application of § 2244(d)(1) renders his June 16, 2014 petition untimely.

## B.   **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his first state writ application until March 22, 2012, several years after the one-year limitations periods had expired in April 2006 and August 2010. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save this petition.

## C.   **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.

2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

**D.      Actual Innocence**

Petitioner asserts that he is actually innocent of the charge of aggravated sexual assault charge. (Pet. at 6-8, 11-13; Mem. at 1-4.) In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924,

1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.   A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 1928, 1935.   The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.   *Id*. at 1935-36.

Here, Petitioner has presented no "new evidence," and he does not argue how he is actually innocent:

> A petitioner . . . must show that it is more likely than not that had the order resignating issue had been acted upon according to Texas procedure the finding of fact and conclusion of law supporting those facts would clearly shown Petitioner's actual innocence by constitutional law [sic].

(Doc. 3 at 9.)  He has not overcome the statute of limitations, and his federal petition is time-barred.

## III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 18th day of April, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7